# IN THE MATTER OF SPECIALTY SHOP, BANKRUPT.

San Juan, Bankruptcy, No. 284.

WATER LIEN.

Bankruptcy—Water Bill.

> Where a bill is due for water rent, the part accruing before bankruptcy is a claim against the estate, and must be presented as such. The part accruing after bankruptcy will be paid by the receiver or trustee as part of the expenses of administration.

Opinion filed April 12, 1921.

---

*Mr. O. B. Frazer* for receiver.

*Mr. Martin Travieso* for respondents.

Re Specialty Shop.

HAMILTON, Judge, delivered the following opinion:

From the petition and return in this case it appears the alleged bankrupt was indebted for a number of months to the municipality of San Juan for water service before the petition was filed in bankruptcy. Why this was not collected does not appear. Since that time the receiver tendered and endeavored to pay the current amount for water used, but the municipal authorities have declined to divide the bill. There seems to be no doubt that the petition in bankruptcy draws a clear line in all expenses of the estate. Everything before that time constitutes the debts of the concern, on account of which the bankruptcy is instituted, and should be paid according as priorities and assets justify. What the receiver uses in order to preserve or carry on the business is a receivership expense and should be paid for as current expenses of the receivership.

There seems now to be no real difference between the parties on this point and it seems unnecessary to enter a formal injunction. An order will be entered directing the municipal authorities to divide the bill accordingly, to accept payment of current water bill, and to file their claim for the bill previous to that time. Any action necessary to enforce this opinion will be taken in the matter if presented in court, but there seems to be no reason to suppose that it will be. An order will be entered accordingly.

It is so ordered.